## Case No. 9,139.

### MARSTELLER et al. v. McCLEAN.

[1 Cranch, C. C. 579.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809. [2]

LIMITATION OF ACTIONS—DISABILITY OF PLAINTIFF —JOINT ACTION.

The disability of one joint plaintiff does not take the case out of the statute of limitations.

Trespass quare clausum fregit for mesne profits. The defendant pleaded the statute of limitations. Replication, infancy of some, and coverture of others of the plaintiffs; but Marsteller and some of the plaintiffs were under no disability.

As to them, Mr. Taylor, for defendant, contended that the replication is no answer to the plea. All the plaintiffs sue in their own rights, and as joint tenants, or tenants in common. There is no difference between the case of joint tenants of goods and joint tenants of land. If the plaintiffs were joint merchants, and some of them out of the country and others in, the action must have been brought within five years. Perry v. Jackson, 4 Term R. 516. The promise of one joint defendant takes the case out of the statute as to all. It is not necessary that

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 7 Cranch (11 U. S.) 156.]

the infants and femes covert should join in the action. They might be summoned and severed.

C. Simms, on the same side. This is trespass for mesne profits. Those plaintiffs who were competent to sue cannot avail themselves of the disabilities of the others. Nor can those who by themselves would be under the disability, claim an exemption from the statute, if they join with those who were able to sue. It is not necessary that the wives should be made parties, the husbands were competent to sue alone for a trespass.

E. J. Lee, contrá. It appears by the whole declaration that the husbands sue in right of their wives. The tracing of the title up to Richard Arrell shows it. It is not averred that they sue in their own right. The husbands are parties only pro formá. The replication goes to all the parties really interested. The wives would be entitled to the action if their husbands should die. Whereever the husband sues in right of his wife she must be joined.

Mr. Simms, in reply. The right of action is in the husband alone, it is for a trespass upon his possession. In the case of a bond given to a feme while sole, the right of action is in the wife.

THE COURT were of opinion that the replication of coverture as to some of the plaintiffs, and of infancy as to others, is not a good replication to a plea of the statute of limitations.

Where adults and infants have a joint right of action for trespass, the incapacity of the infants shall not avail the adults so as to avoid the statute of limitations.

Judgment affirmed in the supreme court of the United States, 7 Cranch [11 U. S.] 156.